*June*, 1822.                    James Magoffin *against* Thomas Westbrook.

Declaration in as-
sumpsit that de-
fendant made and
delivered to plain-
tiff a certain in-
strument of wri-
ting, and thereby
agreed to pay
him $78, is not
supported by a
letter from defen-
dant to F. D. sta-
ting that he has
agreed to pay
plaintiff $78, and
requesting F. D.
to pay it.

*WESTBROOK* brought an action of Assumpsit against
*Magoffin* in *Clarke* Circuit Court. The Declaration con-
sisting of one count only, sets out That said *James* on, &c.
made a certain instrument of writing, bearing date, &c. and
then and there delivered the same to plaintiff, and thereby
then and there agreed to pay him 78 dollars, by means
whereof, &c.  On the trial on the general issue, a bill of
Exceptions was taken by the defendant, by which it appears
that the only evidence offered by the plaintiff was an instru-
ment of writing signed by defendant as follows :

" DEAR SIR,

" I have agreed to pay Mr. *Thomas Westbrook* the amount
" of *Hainsworth's* note. I will thank you as soon as the
" money is collected to pay him. The note and interest is
" seventy-eight dollars ; I will thank you to attend to this as
" I want Mr. *Westbrook* satisfied.
" Your friend,
" JAMES MAGOFFIN."
" Mr. Francis Dougherty.

The Court charged the Jury that the plaintiff might recover on the instrument of writing above set forth, to which opinion, &c.

*Magoffin* obtained a writ of Error to this Court. The matters relied on as Error appear in the opinion of the Court.

Judge *Crenshaw* delivered the opinion of a majority of the Court.

Without deciding whether this is a sufficient promise in writing to pay the debt of another, or whether the writing itself implies a consideration, or whether it should appear to have been delivered to *Westbrook*, or the contents thereof communicated to him, We are of opinion that the writing given in evidence did not support the declaration, that it might have been rejected as inadmissible testimony, and that the Circuit Court should have instructed the Jury that the evidence given did not support the declaration. The request from *Magoffin* to *Dougherty* to pay the debt of *Hainsworth* can, by no sort of construction, be converted into a promise from *Magoffin* to *Westbrook* as alleged in the declaration. If the plaintiff below could have recovered at all upon this writing, it was incumbent on him to have declared, if not according to the facts in the case, at least according to the legal effect of the writing or contract—that a material variance between the evidence and the declaration, (by which the defendant is to ascertain the complaint against him and be secured against a second action for the same cause) is fatal, is a principle too well established now to be questioned.

Judge *Webb.*—The counsel for the plaintiff in Error have contended that the charge of the Court below was erroneous. That the promise was within the Statute of frauds. That it was made to a third person and not to *Westbrook*. The part of the Statute applicable to this case is as follows : "No action shall be brought whereby to charge the defend-"ant upon any special promise to answer for the debt, de-"fault, or miscarriage of another person, unless the promise "or agreement upon which such action shall be brought, or "some memorandum or note thereof shall be in writing and "signed by the party to be charged therewith, or by some "other person by him thereunto lawfully authorised." (a) Without deciding what effect the words *promise or agreement* (the British Statute uses the word "agreement" only) have on the operation of our Statute, I think that the Statute of 1811 takes the case out of the operation of the Statute of frauds.(b) By this Statute it is enacted "that whenever a

(a) *Acts of* 1803, *Laws Ala.* 460.

(b) *Act. of* 1811, *Laws Ala.* 462—53.

"suit shall be commenced in any of the Courts," &c. "founded on any writing, whether the same be under seal "or not, the Court before whom the same is depending shall "receive such writing as evidence of the debt or duty for "which it was given; and it shall not be lawful for the de- "fendant or defendants in any such suit to deny the execu- "tion of any such writing, unless it be by plea supported by "the affidavit of the party" &c. It appears to me that by the expression "the Court before whom the same is depending, "shall receive such writing as evidence of the debt or duty "for which it was given," the Legislature intended to put all written contracts, whether with seal or without, on the same footing as to the evidence of consideration, and to make eve- ry contract expressed in writing and signed by the party import of itself evidence of a sufficient consideration. If this was not the intention, at least one half of the words used in the section are without meaning and useless. If it was only intended that a contract in writing, without seal, should be evidence of the execution of the writing or signature until denied on oath, what meaning can be given to the terms "evidence of the debt or duty for which it was giv- "en?" The intention would have been as clearly expressed by the words "shall be evidence" without the words "of the debt "or duty for which it was given." If it was the intention only to prohibit the denial of such contract in writing, with- out seal, unless by plea supported by affidavit, the whole of the first member of the section is inoperative, for this idea is distinctly conveyed by the words "it shall not be lawful "for the defendant or defendants in any such suit to deny "the execution of such writing, unless it be by plea support- "ed by the affidavit of the party." That the first member of the section was intended to convey some meaning, and does convey the meaning that I have attached to it, I have no doubt. I am at a loss to conjecture its meaning or intend- ed effect, unless it be, that contracts in writing either under seal or not under seal, shall alike carry with them *prima facia* evidence of a sufficient legal consideration.

It was contended that the writing on which this action was founded contains no promise to *Westbrook*, but a pro- mise to *Dougherty*, to whom the note was directed. Strip the note of its direction and of the request to him to pay when he shall have made collections, and it would read thus, "I have agreed to pay Mr. *Thomas Westbrook* the "amount of *Hainsworth's* note—the note and interest is se- "venty-eight dollars." If the note was in this form, and de- livered to *Westbrook*, could there be a doubt that it shews *Magoffin's* promise to pay *Westbrook* seventy-eight dollars ?

Do the address to *Dougherty*, and the request that he will pay that amount for *Magoffin* alter the meaning or character of the writing? It shews in so many words that he had agreed to pay *Westbrook* the amount of *Hainsworth's* note. *Westbrook* had a greater interest in this paper than any other person. He brought his action on it. The first that the Court hears of it, it is in his possession. I think that these circumstances were sufficient (notwithstanding the direction to *Dougherty*) to authorize the conclusion that it was delivered to *Westbrook* by *Magoffin*; that the evidence warranted the charge of the Court; and that there is no Error apparent from the bill of Exceptions.

It is stated by my brethren that there is a variance between the instrument of writing described in the declaration and that offered in evidence.

In declaring on a written contract, it may be set forth in *hace verba*, or according to its legal effect. In the latter mode certainly to a common intent is all that the law requires; so that the opposite party may be apprised what he is called upon to answer, and the judgment may be plead in bar of any future action on the same contract. The declaration states that *Magoffin* made and delivered to *Westbrook* a certain instrument of writing, and thereby then and there agreed to pay him 78 dollars. The instrument described corresponds with that offered in evidence in date, sum of money, time of payment, payor and payee. Of the direction to *Dougherty* and request from *Magoffin* to him to pay, no notice is taken in the declaration. I think that it was unnecessary to state these matters in the declaration, for they did not change the legal effect of the contract as to *Magoffin* and *Westbrook*. It was sufficiently described to apprise the *defendant* of what he was called upon to answer, and to render this Record a sufficient defence to any other action against him on the same contract.

In this Court there has been a series of decisions, that the Record will not be looked into for matter not specially assigned as Error.

In this case the counsel for the plaintiff in Error has abanded the first assignment. The second is, that the Court erred in the charge to the Jury. The bill of Exceptions sets out the note given in evidence, and states that this was the only evidence offered by the plaintiff on the trial, and that the Court charged the Jury that the plaintiff might recover on it. In the case of Haley against Caller; (see post, p. 63.) this Court at the present term has decided that every thing that does not appear from the Record is to be intended in favour of the judgment below. I would ask, then, does

JUNE, 1822.

James Magoffin
v.
Thomas West-
brook.

it appear from the bill of Exceptions, that the Circuit Court decided that there was not a variance between the evidence and the declaration? The proper time for taking exception for such a variance, is before the evidence has gone to the Jury. If the evidence is legal and material to the issue which the Jury are sworn to try, the Court has no power to withdraw it from them. The Jury here were sworn to try whether the defendant had assumed as the plaintiff had declared. A writing signed by the defendant, by which he acknowledged that he had agreed to pay the plaintiff seventy-eight dollars, was given in evidence. This testimony was clearly legal and material to the issue.

That the Court charged the Jury that there was no variance, was negatived by the bill of Exceptions itself.

If the bill of Exceptions presents to this Court any legal point on which the Circuit Court charged the Jury, it must be as to the construction of the writing given in evidence. I have already endeavoured to shew that this written contract is such as is sufficient in law to support the action of assumpsit. For these reasons I am of opinion that the judgment should be affirmed.

Judge *Saffold* having presided on the trial below, did not sit.

*Crawford* and *Hitchcock* for plaintiff—*Goode* for defendant in Error.